UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 1578 |
| v. ) | |
| ) | Judge Gottschall |
| JOHN E. POTTER, Postmaster General, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant John E. Potter, Postmaster General, United States Postal Service, by his attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for his answer to the complaint, states as follows:

**First Defense**

The complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claims are barred to the extent that he has failed to exhaust his administrative remedies.

**Third Defense**

Plaintiff's claims are barred to the extent that he has failed to mitigate his alleged damages.

**Fourth Defense**

Plaintiff's alleged damages were caused in whole, or in part, by his own actions.

**Fifth Defense**

Plaintiff is not entitled to punitive damages against the federal government. 42 U.S.C. § 1981(b)(1).

**Sixth Defense**

Plaintiff is not entitled to the injunctive relief or specific performance sought where that relief or performance would violate provision of the collective bargaining agreement.

**Seventh Defense**

Answering the specific allegations of the complaint, using the same paragraph numbering, the defendant Postal Service admits, denies, or otherwise avers as follows:

1. **Complaint:** This is an action for employment discrimination.

    **Answer:** The Postal Service admits that plaintiff brought this case as an action for employment discrimination but denies that any allegations of discrimination against plaintiff.

2. **Complaint:** The plaintiff is Bryan Armstrong of the county of Cook in the state of Illinois.

    **Answer:** Admit.

3. **Complaint:** The defendant is Hon. John E. Potter, Postmaster General whose street address is 475 L Enfant Plaza, SW, Washington, District of Columbia 20260.

    **Answer:** Admit.

4. **Complaint:** The plaintiff sought employment or was employed by the defendant at 500 E. Fullerton, Carol Stream, DuPage County, Illinois 60199.

    **Answer:** Admit.

5. **Complaint:** The plaintiff was hired and is still employed by the defendant.

   **Answer:**  Admit.

6. **Complaint:** The defendant discriminated against the plaintiff on or about, or beginning on or about, March 10, 2008.

   **Answer:**  Deny.

7.2 **Complaint:** The defendant is a federal governmental agency, and the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint [on or about] June 20, 2008. The plaintiff received a Final Agency Decision on December 14, 2008. Attached is a copy of the Final Agency Decision.

   **Answer:**  The Postal Service denies that it is a federal governmental agency and avers instead that it is an independent establishment of the executive branch of the United States of America, pursuant to 39 U.S.C. § 201. The Postal Service admits that Armstrong filed a formal complaint of discrimination on or about June 20, 2008. The Postal Service denies that Armstrong received the final agency decision regarding this matter on December 14, 2008.

8. **Complaint:** The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on December 14, 2008, a copy of which Notice is attached to this complaint.

   **Answer:**  Deny. (This paragraph is inapplicable according to form complaint.)

9. **Complaint:** The defendant discriminated against the Plaintiff because of the plaintiff's (e) Race (Title VII of the Civil Right Act of 1964 and 42 U.S.C. § 1981); (g) Sex (Title Vill of the Civil Rights Act of 1964).

   **Answer:**  Deny.

10.     **Complaint:**   If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**Answer:**   The Postal Service is not a state, municipal or other local governmental agency. Therefore, this paragraph is inapplicable.

11.     **Complaint:**   Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**Answer:**   The Postal Service admits that jurisdiction exists under Title VII but denies the remainder of this paragraph.

12.     **Complaint:**   The defendant (b) terminated the plaintiff's employment; (f) failed to stop harassment; (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above; (h)[other] and attendance manager Mr. William Pouncy retaliated against me for filing a previous EEO complaint against him on 12-13-2007 (1J-601-0017-07).

**Answer:**   The Postal Service admits that it issued plaintiff a notice of removal on or about March 10, 2008, but denies the remaining allegations of this paragraph.

13.     **Complaint:**   The facts supporting the plaintiff's claim of discrimination are as follows: On February 20, 2009, I was given an arbitration settlement award thru the grievance process, the arbitrator ruled that "The Postal Service failed to establish that it had just cause to remove me, also the discipline was not progressive. (See Attachment) Arbitration Award.

**Answer:** The Postal Service denies that the facts set for by the plaintiff support his allegations of discrimination and that plaintiff suffered any illegal discrimination at all.

15. **Complaint:** The plaintiff demands that the case be tried by a jury. NO

**Answer:** The Postal Service admits that plaintiff does not seek to have this case tried by a jury.

16. **Complaint:** Therefore, the Plaintiff asks that this court grant the following relief to the plaintiff (c) Direct the defendant to promote the plaintiff; (f) Direct the defendant to (specify) I would like a 4 a.m. start time for the remainder of my postal career, with Saturday/Sunday off days: I want to be placed in the maintenance department (building side) for the remainder of my postal career with no loss of seniority; (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; (h) Grant such other relief as the Court may find appropriate.

**Answer:** The Postal Service denies that plaintiff is entitled to any relief whatsoever.

WHEREFORE, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/ Donald R. Lorenzen
            DONALD R. LORENZEN
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-5330
            donald.lorenzen@usdoj.gov

**Certificate of Service**

  Donald R. Lorenzen, an attorney, certifies that on August 3, 2009, he caused the forgoing Answer to Amended Complaint to be served by first class mail upon the following *pro se* party:

Bryan Armstrong
3216 West Fulton Street
Chicago, Illinois 60624

  s/ Donald R. Lorenzen
  DONALD R. LORENZEN
  Assistant United States Attorney
  219 South Dearborn Street
  Chicago, Illinois 60604
  (312) 353-5330
  donald.lorenzen@usdoj.gov